**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **JAY WILFONG,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**STARSTRUCK ENTERTAINMENT, LLC, and THE ALEXANDER TRUST,**<br><br>**Defendants.** | **Case No. 3:23-cv-00044**<br><br>**Judge Trauger**<br>**Magistrate Judge Newbern** |

**DEFENDANTS' ANSWER**

In response to the Complaint (Doc. 1) filed by Plaintiff, Jay Wilfong, Defendants, Starstruck Entertainment, LLC ("Starstruck") and The Alexander Trust ("Trust"), answer as follows.

## I. JURISDICTION AND VENUE

1. This paragraph contains legal conclusions regarding jurisdiction to which no response is required. To the extent a response is required, Defendants do not contest subject-matter jurisdiction.

2. This paragraph contains legal conclusions regarding venue to which no response is required. To the extent a response is required, Defendants do not contest venue.

## II. THE PARTIES

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

4. Admitted.

5. Admitted.

## III.
## CLAIM FOR RELIEF (APPEAL FROM TTAB DECISION)

6. Defendants admit that Plaintiff purports to appeal from the referenced opinion ("Opinion") by the Trademark Trial and Appeal Board ("TTAB"). Defendants have attached a copy of the Opinion to this Answer as **Exhibit 1**. Defendants have attached a copy of the TTAB order ("Order") granting the cancellation of Registration No. 6020394 to this Answer as **Exhibit 2**. The second sentence of this paragraph contains legal conclusions to which no response is required. The Opinion speaks for itself, and Defendants deny any allegations regarding its contents that are inconsistent with its terms. Defendants deny any remaining allegations.

## FACTUAL BACKGROUND

7. Defendants admit the first sentence of paragraph 7. The "real estate transfer" papers speak for themselves, and Defendants deny any allegations regarding their contents that are inconsistent with their terms. Defendants deny any remaining allegations.

8. Admitted that the front entrance gate contained the referenced words. Defendants deny the remaining allegations.

9. Admitted that referenced stone structures were in good condition. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations.

10. Defendants deny the first sentence. Admitted that prior owners maintained the stone signage. Any real estate transaction papers speak for themselves, and Defendants deny any allegations regarding their contents that are inconsistent with their terms. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in the third sentence. Defendants deny any remaining allegations.

11. The Opinion speaks for itself, and Defendants deny any allegations regarding its

contents that are inconsistent with its terms. Admitted that Reba McEntire once owned the referenced farm. Defendants deny any remaining allegations.

12. The "warranty deed and related property records / transfer documents" speak for themselves, and Defendants deny any allegations regarding their contents that are inconsistent with their terms. Defendants deny the remaining allegations.

13. The Opinion speaks for itself, and Defendants deny any allegations regarding its contents that are inconsistent with its terms. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

14. The first two sentences of paragraph 14 contain legal conclusions to which no response is required. To the extent a response is required, denied. Defendants deny the remaining allegations.

15. Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in the first sentence. Defendants deny the remaining allegations.

16. Denied.

17. Admitted that a representative of Defendants contacted Plaintiff about trademarks. Defendants deny the remaining allegations.

18. Admitted.

19. Admitted.

20. Admitted.

21. Defendants admit the first sentence. Defendants admit that music is played during such services. Defendants deny the remaining allegations.

22. Defendants admit the first sentence. Defendants deny the remaining allegations.

23. Denied.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence. Defendants deny the remaining allegations.

25. Defendants admit the first sentence. Defendants deny the remaining allegations.

26. Defendants admit that one their roles is "artist manager." Defendants deny the remaining allegations.

27. Defendants deny the first sentence. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in the second sentence. Defendants deny any remaining allegations.

28. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

29. Defendants deny the first two sentences. Defendants are without knowledge or information sufficient to from a belief as to the truth of the remaining allegations.

30. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence. Defendants deny the remaining allegations.

31. Denied.

32. Denied.

33. Denied.

**DEFENDANTS HAD NO STANDING TO MAKE A CLAIM TO THE MARK**

**Defendants Never Protected The Mark At Issue**

34. Denied.

35. Denied.

36. Defendants admit the first sentence. Defendants deny the remaining allegations.

37. Defendants admit the first sentence. Defendants deny the remaining allegations.

**Defendants Never Sought To Restrict Usage Of The Mark**

38. The "real estate transfer papers" speak for themselves, and Defendants deny any allegations regarding their contents that are inconsistent with their terms. Defendants deny any remaining allegations.

39. Admitted that the referenced stone structures contained the words "Starstruck Farm" and were maintained in good condition. Defendants deny the remaining allegations.

40. Denied.

41. Denied.

**Blackstock Never Owned The Farm**

42. The Opinion speaks for itself, and Defendants deny any allegations regarding its contents that are inconsistent with its terms. Defendants deny any remaining allegations.

43. The "warranty deed and related property records / transfer documents" speak for themselves, and Defendants deny any allegations regarding their contents that are inconsistent with their terms. Defendants deny any remaining allegations.

44. The Opinion speaks for itself, and Defendants deny any allegations regarding its contents that are inconsistent with its terms. Defendants deny any remaining allegations contained.

**Defendants Unfairly Delayed to Assert Claims Against Wilfong**

45. Admitted that a representative of Defendants contacted Plaintiff about trademarks. Defendants deny the remaining allegations.

46. The USPTO file speaks for itself, and Defendants deny any allegations regarding its contents that are inconsistent with its terms. Defendants deny the remaining allegations.


Case 3:23-cv-00044 Document 7 Filed 02/17/23 Page 5 of 11 PageID #: 36

47. Admitted that the referenced registrations are irrelevant and that Defendants have not filed legal action with respect to the referenced registrations. Defendants deny the remaining allegations.

48. The referenced registration speaks for itself, and Defendants deny any allegations regarding its contents that are inconsistent with its terms. Defendants deny any remaining allegations.

49. Denied.

**EVEN IF DEFENDANTS HAD STANDING, THERE IS NO LIKELIHOOD OF CONFUSION**

50. The referenced registration speak for themselves, and Defendants deny any allegations regarding their contents that are inconsistent with their terms. Defendants deny the remaining allegations.

**The Marks Themselves Are Sufficiently Different**

51. Defendants admit that the addition of "farm" is insignificant. Defendants deny the remaining allegations.

52. Denied.

**The Respective Services Are Sufficiently Different**

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

**The Relevant Consumers Would Be Informed And Sophisticated**

58. Admitted that the sophistication prong was, at best, neutral in the TTAB proceeding. Defendants deny the remaining allegations.

59. Denied.

**The Trade Channels Differ Significantly**

60. Defendants admit that the parties use similar trade channels, including social media, flyers, and poster. Defendants admit that they are based in Nashville. Defendants deny the remaining allegations.

**Fame Of The Mark**

61. Defendants admit that the "Starstruck" name is famous. Defendants deny the remaining allegations.

62. Denied.

**Similar Marks Exists**

63. The referenced registrations speak for themselves, and Defendants deny any allegations regarding their contents that are inconsistent with their terms. Defendants deny the remaining allegations.

64. The referenced registration speaks for itself, and Defendants deny any allegations regarding its contents that are inconsistent with its terms. Defendants deny the remaining allegations.

65. Denied.

**Defendants Do Not Use The Mark On A Wide Variety of Goods**

66. Defendants admit that their mark is used on a wide variety of goods. Defendants deny the remaining allegations.

67. Defendants admit that their mark has been used to sponsor an auto racing team. Defendants deny the remaining allegations.

68. Defendants admit that they have not used the mark in connection with short-term lodging or a wedding. Defendants deny the remaining allegations.

**There Has Been No Actual Confusion**

69. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence. Defendants deny the remaining allegations.

70. Defendants admit that Wilfong had not had a significant opportunity to penetrate the market with his mark. Defendants deny the remaining allegations.

71. Denied.

**Wilfong Acted In Good Faith**

72. Admitted that the referenced stone structures contained the words "Starstruck Farm." Defendants deny the remaining allegations.

73. Defendants admit Reba McEntire is no longer formally affiliated with Starstruck Entertainment. Defendants deny the remaining allegations.

74. Denied.

75. Denied.

**Defendants Have Not Been Damaged By Wilfong's Usage Of His Mark**

76. Denied.

## CONCLUSION

77. Denied.

## PROCEDURAL POSTURE

78. The Opinion speaks for itself, and Defendants deny any allegations regarding its contents that are inconsistent with its terms. Defendants admit that the TTAB canceled Plaintiff's purported registration. Defendants deny any remaining allegations.

79. Defendants admit that Wilfong lost and appears to be dissatisfied. Defendants admit that Wilfong purports to appeal and request a trial de novo. Defendants deny any remaining allegations.

80. Defendants deny each and every allegation asserted in the Complaint and not specifically addressed herein.

Defendants deny that Wilfong is entitled to any of the relief he has requested.

## DEFENSES

Without waiving or excusing the burden of proof of Wilfong, or admitting that Defendants have any burden of proof, Defendants assert the following defenses:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

As set forth in the Opinion, the TTAB correctly cancelled Plaintiff's purported registration.

### THIRD DEFENSE

Defendants hereby assert all defenses available under applicable federal and state law. Additional facts may be revealed in discovery or otherwise supporting additional defenses presently available, but unknown, to Defendants. Defendants therefore reserve the right to assert additional defenses in the event discovery or investigation reveals additional defenses.

WHEREFORE, Defendants pray for judgment in their favor and request that the Court:

a. dismiss Plaintiff's Complaint with prejudice;

b. affirm the cancellation of Plaintiff's purported registration;

c. award Defendants their reasonable costs, expenses, and attorney's fees; and

d. grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

s/ Tim Warnock
Tim Warnock (12844)
Keane Barger (33196)
LOEB & LOEB LLP
35 Music Square East, Suite 310
Nashville, TN 37203
(615) 749-8300
(615) 749-8308 (facsimile)
twarnock@loeb.com
kbarger@loeb.com

Jacob Neu (30278)
BRADLEY ARANT BOULT CUMMINGS LLP
Roundabout Plaza
1600 Division St., Suite 700
Nashville, TN 37203
(615) 244-2582
jneu@bradley.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served via U.S. mail and email upon:

Jay Wilfong
2890 Academy Road
Lebanon, TN 37087
(615) 975-0374
wilfong@comcast.net
*Plaintiff*

this the 17th day of February, 2023.

s/ Tim Warnock