**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| JAY WILFONG<br><br>Plaintiff,<br><br>vs.<br><br>STARSTRUCK ENTERTAINMENT, LLC<br>And THE ALEXANDER TRUST<br><br>Defendant(s). | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 3:23-cv-00044<br><br><br><br>**JUDGE TRAUGER** |

**PLAINITFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEY'S FEES**

Plaintiff Jay Wilfong, ("Plaintiff' or "Mr. Wilfong")by and through undersigned counsel, hereby responds in opposition to Defendants Starstruck Entertainment, LLC's and Alexander Trust's ("Defendants") Motion for Attorney's Fees ("Motion") (DE#81) In Support of this response, Plaintiff states as follows:

## I. INTRODUCTION

Defendants seek an exorbitant $563,784.88 in attorneys' fees after Mr. Wilfong voluntarily dismissed his appeal of the Trademark Trial and Appellate Board's ("TTAB") cancellation of Mr. Wilfong's Trademark. Defendants characterize this case as exceptional under the Lanham Act despite the fact that Defendants did not prevail on summary judgment motions before both the TTAB and this Court. Now, Defendants' Motion attempts to twist the record and

cast Mr. Wilfong's unique and meritorious appeal, tied to intellectual property once shared with Reba McEntire, as fraudulent and malicious. But the record does not support this as there were genuine factual disputes, falling far short of the Lanham Act's strict "exceptional case" standard for fee-shifting. Though Defendants are prevailing parties entitled to costs, this is no exceptional case: Plaintiff's stance was reasonable and rooted in the TTAB record until confronted with documents at trial, that were not produced nor admitted into evidence, that resulted in his decision to voluntarily dismiss his appeal. Even if deemed exceptional, the fee affidavits are fatally defective for two reasons. First, Defendants pursue the same fees and damages in parallel Wilson County litigation, risking impermissible double recovery. Second, much of the claimed work by their three firms stems from that state court action, which is unrecoverable here. In short, this case is unexceptional, the affidavits unreliable, and Defendants already have two additional pending lawsuits that attempt to recover damages from Plaintiff

## II. LEGAL STANDARD

Under 15 U.S.C. § 1117(a), a district court may award reasonable attorney fees to the prevailing party in "exceptional" cases. An case is considered exceptional if "the infringement was malicious, fraudulent, willful, or deliberate." *Eagles, Ltd. v. Am. Eagle Found*., 356 F.3d 724, 728 (6th Cir. 2004) The party seeking attorney fees bears the initial burden to substantiate "the hours worked and the rates sought." *The Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 702 (6th Cir. 2016). To substantiate the hours and receive an award of attorney fees, "[t]he documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation. *NLRB v. Bannum, Inc*., 102 F.4th 358, 362 (6th Cir. 2024)

## III. LAW AND ARGUMENT

### A. An Award of Attorney's fees is not appropriate under 15 U.S.C. § 1117(a), because this is not an exceptional case as Mr. Wilfong's acted in good faith pursuing this appeal.

In the Sixth Circuit, a case is considered exceptional if "the infringement was malicious, fraudulent, willful, or deliberate. *Eagles, Ltd. v. Am. Eagle Found*., 356 F.3d 724, 728 (6th Cir. 2004). Defendants' Motion  primarily relies on how a singular issue that arose at trial led to Mr. Wilfong, when confronted with documentation that was not produced in compliance with this Court's Pre-Trial Order (DE#56) nor admitted into evidence, resulting in a "last minute surrender" worthy of making this case an "exceptional" under the Latham Act. This is at best a disingenuous attempt to characterize Mr. Wilfong exercising his lawful right to appeal the decision of the Trademark Trial and Appellate Board ("TTAB")when being surprised with documents at trial. Additionally, there is no need to speculate as to Mr. Wilfong's intent as the Trademark Trial and Appellate Board ("TTAB") and this Court have already opined on this issue.

In examining Mr. Wilfong's intent, the TTAB concluded that "there is no evidence of Respondent's [Mr. Wilfong's] bad faith in adopting the mark."  *Starstruck Entm't, LLC v. Wilfong, Cancellation No. 92073879*, slip op. at 54 (T.T.A.B. Nov. 16, 2022). It is disingenuous for Starstruck Entertainment, LLC to twist a finding of no bad faith from the TTAB into a request for legal fees under the Lanham Act which requires "infringement was malicious, fraudulent, willful, or deliberate" *Eagles, Ltd*., 356 F.3d at 728.

Similarly, this Court entered an Order on Starstruck Entertainment's Motion for Summary Judgment and also opined on Mr. Wilfong's intent. Specifically, this Court stated that:

> SEL and TAT point to testimony, by Wilfong, that he hoped to profit off of the location's historical connection to McEntire, which SEL and TAT suggest shows bad faith. (See Doc. No. 17 at 16.) The historical connection to McEntire, however, is simply a true fact about the relevant property. SEL and TAT, moreover, have no right to seek to vindicate any interest in the goodwill held by consumers toward McEntire as an individual, because they are simply business entities with no current affiliation with her. Based on the lack of evidence that Wilfong ever intended to trade on the reputation of SEL and TAT, the TTAB found this factor neutral. This court would go a step further—the fact that Wilfong wishes to evoke a (true) historical connection to McEntire, rather than a (false) current connection to SEL or TAT, weighs against cancellation. Mem. Op. at 5 (DE # 30)

Furthermore, nearly half of the attorney's fees sought by Defendants accrued after Defendants did not prevail on their Motion for Summary Judgment. The Defendants are effectively seeking to punish the Mr. Wilfong for this Court properly finding that there are disputed material facts that prohibited the entry of Summary Judgment in favor of the Defendants. Granting the Defendants this relief would provide a chilling effect to litigants pursuing relief in federal court as permitted by law. In sum, while this case may be "unusual" as mentioned by this Court it is not exceptional as defined under the Lanham Act because Mr. Wilfong's actions in pursuing his appeal were reasonable and supported by the TTAB's Record not fraudulent or malicious.

**B. The attorney's fees sought to be recovered by Defendants are excessive, unreasonable, and duplicative of attorney's fees and damages currently sought in Wilson County Chancery Court.**

In support of Defendants' Motion, they submitted three (3) Attorney Fee Declarations from three (3) separate law firms. (DE#82, 83, and 84)

Surprisingly absent from Defendants' Motion or these declarations was reference to pending litigation filed by Starstruck Entertainment, LLC. Specifically, on February 21, 2020, Starstruck Entertainment, LLC filed a Complaint in Wilson County Chancery Court. A true and correct copy of the Complaint is attached as **Exhibit A.** In the Complaint filed by Starstruck Entertainment, LLC alleging violations of infringement, unfair competition, violations of the Tennessee Consumer Protection Act, seeking injunctive relief and an award of attorney's fees. Specifically, Starstruck Entertainment, LLC is currently seeking the following relief.

> (c) Direct Defendants to provide an accounting of their actual profits earned in conjunction with their use of the Starstruck Trade Name and award Plaintiff such actual profits;
>
> (d) Award Plaintiff punitive damages for Defendants' trade name infringement and unfair competition and/or treble damages pursuant to Tenn. Code Ann. § 47-18-109(a)(3);
>
> (e) Award Plaintiff its reasonable attorney's and costs pursuant to Tenn. Code Ann. § 47-18-109(e)(1); and
>
> (f) Award Plaintiff such further and general relief as the Court may find just and equitable under the facts and circumstances.

After being served with the Complaint, Mr. Wilfong and the affiliated entity Answered the Complaint. A true and correct copy of the Answer is attached as **Exhibit B.** Ultimately, the parties entered an Agreed Order to Stay the Wilson County Chancery Case. Unlike the appeal before this Court, Starstruck Entertainment and Mr. Wilfong engaged in substantive motion practice where Starstruck Entertainment, during the pendency of this litigation, filed a Motion to Lift the Stay and for a Temporary Injunction. A copy of this Motion is attached as **Exhibit C.** Ultimately, this Motion was denied and Mr. Wilfong later filed a counter claim for a declaration

of non-infringement. A copy of the Counterclaim is attached as **Exhibit D.** [1] Collectively exhibits A, B, C, D, E are referred to as the ("Wilson County Litigation") As of the date of filing this Response, the Wilson County Litigation remains active. Absent from the three attorneys' fees declaration and Defendants' Motion is the fact that all three (3) law firms have appeared in the Wilson County Case where Starstruck Entertainment is also seeking an award of its legal fees.(See Ex. A)

A cursory review of the itemized attorney's fees invoices clearly shows Defendants' Motion is seeking to recover attorney's fees for work directly related to the Wilson County Litigation. For example, a simple CTRL + F search of the itemized invoices provided by the Defendants show seventeen (17) specific references to "Wilson County") (See Generally Ex B. to Def. Motion). This includes not only legal services but costs including the filing fee for the Complaint. (DE #82 Ex. B Page 133 of 263.) Likewise, the term "State Court" is used thirty-seven(37) times in the invoices. (Id. at Ex. B). To provide one of many problematic time entries, Defendants are seeking to recover legal fees in this action from services that were admittedly "analysis of potential legal fee recovery in Wilson county state court proceedings."

| | | | | | |
|---|---|---|---|---|---|
| 1/15/21 | Emails from and to Jake Neu re: draft first amended cancellation petition in TTAB cancellation proceeding; review and analysis of draft amended cancellation petition for substance and suggested edits; additional emails to and from Jake Neu re: suggested edits and questions in conjunction with draft; review emails from Jake Neu to Cliff Williamson and Narvel Blackstock re: updated draft amended cancellation petition for their review and approval; review email from Cliff Williamson to Jake Neu re: same and inquiring about recovery of attorneys' fees; email from Jake Neu re: same; emails to and from Cliff Williamson re: analysis of potential legal fee recovery in Wilson County state court proceeding; email from Narvel Blackstock re: | JLA | 1.50 | 465.00 | 697.50 |

[1] Federal courts may take judicial notice of proceedings in other courts of record. *Granader v. Pub. Bank*, 417 F.2d 75, 82 (6th Cir. 1969)

Even more problematic is a snapshot from the invoices submitted by Loeb & Loeb, where there is an inconspicuous and blatant attempt to recover legal fees related to the preparation and hearing on a Motion for a Preliminary Injunction in the Wilson County Litigation. For example, one (1) page of their invoice shows over fourteen (14) hours of legal work directly related to the pending Wilson County Litigation. (DE#82 Ex. B pg. 33)

| | | | |
|---|---|---|---|
| 5/16/23 | TLW | PREPARE FOR HEARING ON MOTION FOR INJUNCTION; EMAIL J. NEU AND S. MCBRIEN REGARDING INJUNCTION HEARING; TELEPHONE CALL WITH S. MCBRIEN REGARDING HEARING; TELEPHONE CALL WITH J. NEU AND S. MCBRIEN | 2.5 |
| 5/16/23 | KAB | CONFER WITH T. WARNOCK REGARDING HEARING ON MOTION FOR INJUNCTION | 0.1 |
| 5/17/23 | TLW | PREPARE FOR INJUNCTION HEARING; REVIEW AND RESPOND TO EMAILS FROM S. MCBRIEN AND K. BARGER | 3.5 |
| 5/17/23 | KAB | EXCHANGE EMAIL WITH T. WARNOCK REGARDING PREPARATION FOR HEARING ON MOTION FOR INJUNCTION | 0.2 |
| 5/18/23 | TLW | CALL WITH J. NEU AND K. BARGER REGARDING ARGUMENT ON MOTION FOR AN INJUNCTION; CONTINUE TO PREPARE FOR HEARING | 3.0 |
| 5/18/23 | KAB | CALL WITH T. WARNOCK AND J. NEU REGARDING PREPARATION FOR HEARING ON MOTION FOR TEMPORARY INJUNCTION (.2); RESEARCH MEANING OF "ADJUDICATION" UNDER TENNESSEE LAW (.4) | 0.6 |
| 5/19/23 | TLW | ATTEND COURT AND ARGUE MOTION TO LIFT STAY; TELEPHONE CALL WITH J. NEU AND K. BARGER; EMAIL C. WILLIAMSON AND N. BLACKSTOCK; TELEPHONE CALL WITH C. WILLIAMSON | 5.0 |

Despite failing to reference this issue in their Motion, Defendants are unabashedly seeking an award of legal fees from this Court while simultaneously seeking attorney's fees and damages in an active state-court lawsuit against Mr. Wilfong arising from the same underlying dispute. This creates an impermissible risk of double recovery for the same legal work and indicates that the declarations submitted to this Court in support of Defendants' Motion do not contain the requisite specificity required for this Court to award attorney's fees. Specifically, Courts have held that Plaintiffs are not "entitled to recover fees for work performed on matters

tangentially related to [other lawsuits.] *Ne. Ohio Coal. for the Homeless v. Brunner*, 652 F. Supp. 2d 871, 884 (S.D. Ohio 2009) As stated in NLRB v. Bannum, Inc., for a Court to award attorney's fees, "[t]he documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." 102 F.4th 358, 362 (6th Cir. 2024) (alteration in original) (quoting *United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307 v. G & M Roofing & Sheet Metal Co*., 732 F.2d 495, 502 n.2 (6th Cir. 1984)). Given Defendants' failure to address the pending Wilson County litigation in its fee request and seeking to recover these fees in this case, this Court cannot determine with a high degree of certainty that the submitted hours were actually and reasonably expended in the prosecution of this case.

Furthermore, in their Motion, the Defendants mentions the length of this dispute as reasoning to punish Mr. Wilfong for an award of fees without mentioning how the Defendants unilaterally delayed the resolution of this litigation by filing three separate motions to reset the trial date. Despite being initially set for trial in April of 2024, counsel for Defendants sought and obtained three (3) separate continuances of the trial date. (DE#32, DE #40, and DE #54) This resulted in a nearly two (2) year delay from the original trial date. Now, Defendants are shifting the blame for this delay in adjudication to Mr. Wilfong and attempting to recover the attorney's fees associated with obtaining these continuances to Mr. Wilfong which is not reasonable. Given the blatant flaws in the declarations submitted for the Court's consideration, the Court cannot award attorney's fees as there is not a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation.

**C. There has been no finding of Infringement against Mr. Wilfong and litigation remains ongoing between the parties.**

In the Wilson County Chancery Court case, Mr. Wilfong maintains an active compulsory counterclaim in the form of a Declaratory Judgment Claim for Non-Infringement. See **Exhibit E**. Accordingly, it would be inappropriate and premature for this Court to enter an award of attorney fees against Mr. Wilfong when he could very much prevail on his Declaratory Judgment claim which would show he did not infringe Starstruck Entertainment, LLC's trademark and clearly indicate his actions in pursuing this appeal were not frivolous or malicious. Upon information and belief, Starstruck Entertainment, LLC, also filed a separate federal lawsuit against Mr. Wilfong and affiliated entities seeking among other things injunctive relief, statutory damages of up to $2,000,000, and attorney's fees. *Starstruck Entm't, LLC v. Wilfong*, No. 3:26-cv-00076 (M.D. Tenn. filed Jan. 21, 2026). At best, it appears that Defendants either forgot about the pending case they filed in Wilson County Chancery Court or at worst they appear to be engaging in blatant forum shopping by filing a federal lawsuit related to the same ongoing dispute between the parties currently active in Wilson County. Based on all the pending and unresolved litigation between the parties, Defendants would not be harmed by the denial of this Motion as they are still seeking millions of dollars in damages, attorney's fees and other relief from Mr. Wilfong in two (2) separate legal proceedings.

.

**IV. CONCLUSION**

In conclusion, this dispute, while perhaps unusual, is not exceptional as defined under the Lanham Act and Defendants' sharp trial tactics should not be further rewarded with an award of legal fees that would bankrupt a small business owner. Accordingly, this Court should deny

Starstruck Entertainment's Motion or alternatively hold the Motion in abeyance pending resolution of the Wilson County Chancery Court Case.

Respectfully submitted,

//s// Jacob C. VanAusdall
Jacob C. VanAusdall - TN BPR# 035369
MAURICE WUTSCHER LLP
4900 Centennial Ave #300
Nashville, TN 37209
Tel. (615)425-4373
jvanausdall@mauricewutscher.com
Attorney for Mr. Wilfong

**CERTIFICATE OF SERVICE**

I hereby certify that on February 19, 2026, an accurate copy of the foregoing Response has been served via electronic means via the Court's CM/ECF system to the following:

Chanelle R. Acheson (TN BPR #30008)
W. David Bridgers (TN BPR #16603)
G. Edward Powell III (CA Bar #324530)
**Waddey Acheson LLC**
1030 16th Ave S, Suite 300
Nashville, TN 37212
615-839-1100
chanelle@waddeyacheson.com
Counsel for Defendants

//s// Jacob C. VanAusdall